UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSHUA WARREN HOLLOWAY,<br><br>                Defendant. | NO. CR-09-2015-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO SUPPRESS EVIDENCE** |

    Before the Court, without oral argument, is Defendant Joshua Warren Holloway's motion to reconsider the Court's denial of his suppression motion. (Ct. Rec. 56.) After reviewing Defendant's submitted materials,[1] the Court abides by its earlier ruling.

    During the early morning hours, the vehicle Defendant was riding in was stopped by Officer Chad Urwin for failure to utilize a left turn signal. At the suppression hearing, Officer Urwin testified that he was "trailing" the subject vehicle on a parallel street at an angle that allowed him to see the tail and brake lights. Officer Urwin testified that he did not observe the vehicle activate its left turn signal 100

---

[1] The Government was instructed not to respond absent Court order to do so. (Ct. Rec. 68.)

ORDER ~ 1

feet prior to turning left into a parking lot, as is required by Washington traffic law.  Based on this traffic infraction, Officer Urwin pulled over the vehicle.  Officer Urwin's testimony that he was able to observe tail and brake lights and did not observe the use of a left turn signal satisfied the Government's burden of producing specific and articulable facts supporting suspicion of a traffic violation.  *See United States v. Willis*, 431 F.3d 709, 715 n.5 (9th Cir. 2005) (citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).  The burden then shifted to Defendant to prove that the vehicle was stopped in violation of the Fourth Amendment.  *See id.*  As explained below, the Court concludes Defendant did not satisfy this burden.

Defendant relies on the National Highway Traffic Safety Administration's vehicle lighting requirements pertaining to visibility and intensity[2] to argue that Officer Urwin's reported observation of lack of a turn signal is per se unreasonable given the angle at which the officer was driving in relation to the subject vehicle.  The Court recognizes that the regulations do not require a turn signal to be viewed from the angle at which Officer Urwin was located.  Therefore, if the subject vehicle's left turn signal only satisfied the regulation's minimal visibility and intensity requirements, Officer Urwin made a "mistake of fact."  *See New Mexico v. Hubble*, 206 P.2d 579, 585-87 (N.M.

---

[2] This requirements have been adopted by Washington.  WAC 204-10-021 & WAC 204-10-012.  In particular, Defendant relies upon Table III from 49 CFR 571.108 (1992) - the regulation in effect at the time the subject vehicle was manufactured.

ORDER ~ 2

2009) (discussing mistake of fact and mistake of law in context of turn signal infraction).

A vehicle stop based on an officer's mistaken factual belief is upheld so long as the factual mistake was 1) reasonable and 2) made in good faith. *United States v. Twilley*, 222 F.3d 1092, 1096 n.1 (9th Cir. 2000); *see also United States v. Lopez-Soto*, 205 F.3d 1101 (9th Cir. 2000). Consistent with the Court's prior finding, the Court finds Officer Urwin's testimony credible and therefore concludes that any mistaken observation as to the lack of a turn signal was made in good faith. The central question is whether Officer Urwin's possible mistaken factual observation was reasonable. Defendant's submitted charts and graphs are helpful; however, the Court finds them insufficient to prove that the stop was unreasonable. There was no testimony by any witness or anyone in the stopped vehicle that the left turn signal had been activated before or at the 100 foot mark. Therefore, Officer Urwin's testimony that no turn signal was used is unrefuted. Further, the relied-upon regulations are generic and do not analyze the subject vehicle's turn signal visibility and intensity. Accordingly, if Officer Urwin was mistaken that the driver failed to properly signal, this factual mistake was reasonable.

In summary, reasonable suspicion existed, i.e., there are articulable facts providing an objective basis for a belief that the driver failed to indicate a left turn 100 feet before turning into the parking lot. *See Terry*, 371 U.S. at 30 (1968); *Lopez-Soto,* 205 F.3d at 1105. Therefore, **IT IS HEREBY ORDERED:** Defendant's Motion for

Reconsideration of Denial of Motion to Suppress Evidence **(Ct. Rec. 56)** is **DENIED**.

    **IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and to provide copies to all counsel.

    **DATED** this ___3rd___ day of August 2009.

                                          s/ Edward F. Shea
                                                EDWARD F. SHEA
                                      United States District Judge

Q:\Criminal\2009\2015.reconsid.wpd

ORDER ~ 4